**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE EQUITABLE LIFE ASSURANCE,<br><br>    Plaintiff,<br><br>        v.<br><br>SOFTEX PRODUCTS,<br><br>    Defendant. | Civ. No. 01-1315(PG) |

**OPINION AND ORDER**

Before the Court is The Equitable Life Assurance's ("Equitable") Motion for Attorneys' Fees. (Docket No. 64.) For the following reasons, the Court **GRANTS** Equitable's motion.

**BACKGROUND**

On November 13, 1995, Industrial Warehouses, Inc. ("Industrial") and Defendant Softex Products Inc., P.R. ("Softex") signed a lease agreement and acquired the right to occupy a 26,326 square feet lot in the Corujo Industrial Park located in Bayamón, Puerto Rico. The area leased to Defendant constituted 26.716% of the total area of the property and was known as Suite 2200. On June 10, 1997 the Lease Agreement was amended to add an additional 16,121 square feet, or "Suite 2201". The amended Lease Agreement covered a total of 42,447 square feet, or a total of 43.076% of the Corujo Industrial Park property. On January 3, 1999, Equitable, acquired title to the property. The property was transferred as payment in kind for debts owed by Industrial to Equitable. Equitable was assigned all the leases of the property. Softex continued to occupy Suites 2200 and 2201 through December 31, 2000, the natural termination date of the Lease Agreement. As of January, 2002, however, Softex remained in possession of the Larger of the two suites, Suite 2200, and vacated the smaller, Suite 2201. Because Softex failed to negotiate a new lease, it converted into a "holdover" tenant as to Suite 2200 and was thus responsible for 150% of the prevailing monthly rent under the Lease Agreement.

Civ. 01-1315(PG)                                                    Page 2

On March 9, 2001, Equitable filed and action in the Puerto Rico Superior Court seeking to evict Softex from the property for failure to pay rent, taxes, insurance and utilities.  On April, 9 2001 a hearing was held in the Eviction Action during which the parties managed to settle most of the issues involved in both the Eviction Action and this collection of monies action. The parties could not agree, however, as to who was responsible for the payment of the outstanding real property taxes due on the Demise Premises from January 1, 1999 through June 30, 2001, thus the parties continues to litigate the issue before this Court.

On September 16, 2004, the Court issued an Opinion and Order denying Equitable's Motion for Summary Judgment, granting Softex's Cross- Motion for Summary Judgment, an granting in part Equitable's Motion to Dismiss the counterclaims. (Docket No. 41.) The Court held that the terms of the lease agreement were ambiguous as to who was responsible for the property taxes at issue. The Court turned to the legislative intent behind the tax exemption laws to interpret the contract and found that Softex was entitled to a tax exemption. (See id.) Equitable appealed the Court's ruling. (Docket No. 45.)

On October 27, 2003, the United States Court of Appeals for the First Circuit held that the terms of the Lease Agreement with respect to the payment of the disputed property taxes were "clear and unambiguous," and that, as a result, Softex was responsible for paying to Equitable its percentage share of the real property taxes owed on the Subject Property. (Docket No. 50.) The First Circuit then ordered an evidentiary hearing to determine the amount of damages Softex owed to Equitable. The hearing was held on October 7, 2004. (Docket No. 59.)

On December 22, 2004, this Court entered judgment in favor of Equitable in the amount of $54,467.28, plus interest.  (Docket Nos. 60 & 61.)  Equitable now moves for attorneys fees in the amount of $97,611.00. (Docket No. 64.)

Civ. 01-1315(PG)                                                    Page 3

## DISCUSSION

Federal Rule of Civil Procedure 54 states in pertinent part that claims for attorneys' fees "shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed.R.Civ.P. 54(d)(2)(A). The motion must "specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought." Fed.R.Civ.P. 54(d)(2)(B).

Equitable submits that pursuant to the Lease Agreement between it and Softex, it is entitled to recover all costs and expenses, including reasonable attorneys' fees. Section 17 of the Lease Agreement titled "Litigation Costs" provides that:

> In the event of any action by the LESSOR or the LESSEE to enforce any of the provisions hereunder, the LESSEE and the LESSOR, each for itself, covenant and agree to pay to the prevailing party all costs and expenses, including reasonable attorneys' fees incurred therein, and such costs, expenses and attorney's fees shall be included in and as part of any judgment.

In support of its request, Equitable also submits counsel Marshal D. Morgan's Unsworn Declaration under Penalty of Perjury certifying that the facts set forth in their motion are true and accurate, that the summary of attorneys' fees faithfully and accurately reflects the amount of attorneys' fees incurred in prosecuting and defending this action, and that the fees do not include any work performed in the eviction proceeding before the Puerto Rico court. (Docket No.64)

Softex dedicates several pages of its opposition to Equitable's Motion for Attorneys' Fees re-litigating the issues which were considered and denied by the Court of Appeals. (Docket No. 66.) Softex's argument seems to be that because they disagree with the Court of Appeal's ruling, they should not be required to pay Equitable's attorneys' fees. (See Docket No. 66.) Softex conveniently ignores, however, that the Lease Agreement specifically states that in the event of any action to enforce any of the provisions of the agreement, the losing party would pay the prevailing

Civ. 01-1315(PG)                                                         Page 4

party all costs and expenses including reasonable attorneys' fees incurred therein.

It is well-settled that if "the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." PR ST T. 31 § 3471.  Softex does not proffer any reason why the Court should ignore the clear language of the contract between the parties, specifically the stipulation for payment of costs and attorneys fees in the event of a litigation regarding the terms of the Lease Agreement. Hence, the Court is guided only by the terms of the agreement. See PR ST T. 31 § 2994 ("Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations.")

Withal, Softex insists that the Court should not grant Equitable's request because the amount of fees request is unreasonable. The Court has carefully reviewed plaintiff's attorneys' itemized invoices of the work performed in the case and does not find it to be unreasonable. Accordingly, in light of the contract's clear language, the Court grants Equitable's Motion for Attorneys' Fees in the amount of $97,611.00.  The Court further NOTES that Plaintiff has filed a Verified Bill of Costs (Docket No. 61).  The Clerk SHALL tax costs as it deems appropriate.

## **CONCLUSION**

WHEREFORE, for the preceding reasons, the Court GRANTS Equitable's Motion (Docket No. 64).


IT IS SO ORDERED.

In San Juan, Puerto Rico, April 20, 2006.


                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE